No. 12818

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

LOUIS FLAHERTY, d/b/a FLAHERTY
AGENCY, and BRYON L. FLAHERTY,
Individually,

Plaintiffs and Appellants,

-vs-

RILEY H. HENSLEY and LARO B.
HENSLEY, husband and wife,

Defendants and Respondents.

Appeal from: District Court of the Eighth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellants:

John McCarvel argued, Great Falls, Montana
Hartelius and Lewin, Great Falls, Montana

For Respondent:

E. W. Gianotti argued, Great Falls, Montana

Submitted: November 18, 1974

Decided: DEC 23 1974

Filed: DEC 23 1974

Thomas J. Kearney
                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the judgment of the district court, Cascade County, holding that defendants Riley H. Hensley and Laro B. Hensley did not owe a real estate broker's commission of $4,200 to plaintiff Louis Flaherty.

The facts are: Sometime prior to March 12, 1973, the Hensleys leased certain ranch property in Teton County, Montana to one Stewart Schwartz. This lease was in writing and contained a provision granting Schwartz an option to purchase the property during the term at a prearranged price. On March 12, 1973, the Hensleys entered into a real estate broker's employment contract with Flaherty. The contract provided for an "open" listing. At this time Flaherty and his agents were aware of the lease between the Hensleys and Schwartz, although it is sharply disputed whether they knew of Schwartz's option. Subsequently Flaherty negotiated with a prospective buyer, and on March 30, 1973, the parties entered into a "Stevens-Ness" form receipt and agreement to sell and purchase. This instrument specifically called attention to Schwartz's option. However, before the sale was consummated, Schwartz elected to exercise his option and purchased the property.

Whether Flaherty had notice, actual or constructive, of Schwartz's option is the crucial element in this case. Flaherty contends the Hensleys never informed him of it until the agreement to sell and purchase was executed, and therefore they breached the broker's employment contract and acted in bad faith. The district court, however, rejected this contention by finding Flaherty himself negligent for not ascertaining the existence of the option earlier, as set forth in finding of fact III:

> "That at the time of entering into the real estate
> brokers employment contract, plaintiff's agents
> were aware of the written lease between defendant
> and Schwartz. That plaintiff and his agents were

negligent in not determining the option provisions
contained in said written lease before offering
the said property for sale."

We think this finding is supported by substantial credible evidence and ought to stand. Donald Blumfield, president of the Great Falls Board of Realtors, was called as a witness by the Hensleys and testified as follows:

"Q. Would you consider a seller that came to
your office and listed property for sale with
you and had not told you there was outstanding
options, that that person would be acting in
bad faith. A. (no response)

"Q. Wouldn't you feel he would have an obligation to make a full disclosure to any options
outstanding? A. I think so. Of course I think
this would--if a listing was properly taken you
would know this at the time.

"Q. How would you know it? A. You would ask.

"Q. If he didn't tell you? A. Particularly on
farm property you would ask. Number one, I
would want to see the lease. If there was a
lease on the property I would want to see that
so I would know when possession could be affected
by the purchaser, what price the summer fallow
might have to be paid to the lessor.

"Q. That wouldn't affect the sale, would it?
A. Oh, yes, it would definitely.

"Q. It wouldn't preclude the sale, but not all
leases contain an option to purchase, do they?
A. No, they don't. But I would still want to
see the lease." (Emphasis added).

In other words, a reasonable, prudent man in Flaherty's shoes would have obtained a copy of the lease immediately and discovered all the facts.

This is the prevailing majority rule in such cases. See Best v Kelly, 22 Wash.2d 257, 155 P.2d 794, 801, 156 ALR 1387, perhaps the leading case on the subject and frequently cited with approval in other jurisdictions. The Court in Best placed an affirmative duty upon the broker:

" * * * the burden of inquiring into the terms [of
the lease] rested upon [the broker], and even a
cursory examination of the lease would have disclosed

the paragraph referred to." (Bracketed words added).

We are unable to distinguish the instant case from <u>Best</u>. How can Flaherty--a licensed real estate broker for 21 years-- now be heard to disclaim knowledge of Schwartz's option when he admits he knew of the lease from the start?

Applying the rule in <u>Best</u> resolves the controversy, for the dispositive issue is whether Flaherty is entitled to a commission where he had prior notice of the defect which subsequently prevented consummation of the sale. The Annotation at 156 ALR 1398, 1399 provides the answer:

> "If a broker, at the time he makes a contract with the owner for the sale of the latter's property, knows of defects in his employer's title or knows facts sufficient to put a reasonably prudent person on inquiry, which, if followed with reasonable diligence, would bring to him such knowledge, he is not entitled to recover commissions where the sale fails because of such defects."

The Hensleys are entitled to attorney fees by virtue of section 93-8601.1, R.C.M. 1947, which provides:

> "Contractual right to attorney fees to be reciprocal. Whenever by virtue of the provisions of any contract or obligation in the nature of a contract, made and entered into at any time after the effective date of this act, one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees, and the prevailing party in any such action, whether by virtue of the express contractual right, or by virtue of this act, shall be entitled to recover his reasonable attorney fees from the losing party or parties."

The judgment of the district court on the issue of the Hensley's liability to Flaherty is affirmed; the cause is remanded with directions to fix attorney fees in accordance with the statute.

-------------------------------
Chief Justice

- 4 -

We concur:

_Frank S. Haswell_

_Gene B. Daly_

_Wesley Castles_

_John Conway Harrison_
Justices