No. 14369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

DIEHL AND ASSOCIATES, INC., et al.,

Plaintiff and Appellant,

-vs-

L. R. HOUTCHENS,

Defendant and Respondent.

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Kline and Niklas, Helena, Montana
John R. Kline argued, Helena, Montana

For Respondent:

Smith and Harper, Helena, Montana
Jack Harper argued, Helena, Montana

Submitted: December 14, 1978

Decided: JAN 11 1979

Filed: JAN 11 1979

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is the second time this case has been before this Court. Diehl and Associates (Diehl) first filed this action on July 3, 1975, in the District Court, Lewis and Clark County, to recover real estate broker's commissions of $5,450 for procuring purchasers for two separate parcels of real property owned by defendant. Diehl, in addition, sought to recover its attorney fees and costs. Houtchens filed an answer and counterclaimed seeking a $500 earnest money deposit made by one of the above-referenced purchasers plus attorney fees and costs. The parties subsequently stipulated that the District Court could render a decision on the basis of the record.

On August 13, 1976, the District Court entered its findings and conclusions in favor of Diehl and on August 19, 1976, entered judgment for $5,450 plus $400 in attorney fees. Houtchens thereafter appealed to this Court stating in the conclusion of his brief:

> "We respectfully submit the judgment of the
> lower court should be reversed and set aside
> and the lower Court directed to enter judg-
> ment in favor of Defendant together with
> costs and attorney fees." (Emphasis added.)

This Court reversed the judgment and remanded the cause to the District Court by decision dated August 8, 1977. Diehl and Associates, Inc. v. Houtchens (1977), _____ Mont. _____, 567 P.2d 930, 34 St.Rep. 814. Specifically, the last two paragraphs of our previous decision read:

> "Therefore, we remand this matter to the
> district court for determination of any
> 'agents incurred expense related to this
> sale', the balance of the deposit to be
> equally apportioned between plaintiff
> and defendant.

"The judgment of the district court is re-
versed and <u>the cause is remanded to the
district court for further consideration
consistent with this opinion</u>." (Emphasis
added.)

On September 12, 1977, Houtchens moved the District

Court to hold a hearing to:

"1. Determine any agents incurred expense
related to the sale in accordance with the
decision of the Montana Supreme Court herein;
and

"2. Fix reasonable attorneys fees for the
services of defendants attorney herein pursuant
to Section 93-8601.1, R.C.M. 1947 and Flaherty
v. Hensley, 165 Mont. 434."

On March 21, 1978, Diehl moved the District Court to

strike Houtchens' request for attorney fees, stating that

the request was outside the scope of the Supreme Court's

decision.

A hearing was held on the matter on April 4, 1978, and

the District Court, over Diehl's objections, allowed Hout-

chens to produce evidence on the matter of his attorney

fees. This evidence consisted of testimony by Houtchens'

attorney that he had worked on the case 57 hours during the

District Court stage and 20 hours during the appeal stage;

that his normal fee was $40 per hour, and that his agreement

with Houtchens was a flat $1,000 fee for the Supreme Court

appeal. Houtchens also called Donald Garrity, a Helena

attorney. He testified that $40 per hour and $1,000 for an

appeal were reasonable charges, that it was his opinion that

the time spent by each side would be roughly comparable, and

that the $400 fee originally awarded by the District Court

to Diehl was reasonable. On request of the court, Houtchens'

attorney subsequently submitted his time records in support

of the 77 hours he claimed to have spent on the case plus an

additional statement claiming 6-1/4 additional hours not

previously claimed.

On May 30, 1978, the District Court entered judgment for Houtchens for "the sum of $250 as and for his one-half share of the earnest money deposit together with the sum of $3,986.75 as and for his reasonable attorney's fees to date."

Diehl appeals from the judgment insofar as it awards attorney fees to Houtchens. Houtchens now seeks to be awarded attorney fees and costs in connection with this appeal.

The issues presented for review by this Court are:

1. Did the District Court lack authority to consider Houtchens' request for attorney fees?

2. If the District Court did have authority to consider attorney fees, were the attorney fees awarded excessive in light of the evidence presented?

Diehl filed the original action eventually leading to this appeal to collect broker's commission allegedly owed to it by Houtchens. This action was based on a broker's contract which included the following provision: "In case of suit or action on this contract, I [referring to Houtchens] agree to pay such additional sum as the court, both trial and appellate, may adjudge reasonable as plaintiff's attorneys fees."

Although Diehl originally prevailed on its action to recover these broker's commissions at the District Court level, we reversed and remanded the cause to the District Court for "further consideration consistent with this opinion." Diehl and Associates, Inc. v. Houtchens (1977), _____ Mont. _____, 567 P.2d 930, 936, 34 St.Rep. 814, 820. The effect of our ruling was to make Houtchens, not Diehl, the prevailing party in the action.

Section 93-8601.1, R.C.M. 1947, states:

"Whenever by virtue of the provisions of any contract . . . one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees, and the prevailing party in any such action, whether by virtue of the express contractual right, or by virtue of this act, shall be entitled to recover his reasonable attorney fees from the losing party or parties." (Emphasis added.)

Here, the contract gave Diehl the express right to collect attorney fees. The above statute made this right reciprocal as to Houtchens. By virtue of our previous ruling Houtchens, as the prevailing party, became entitled as a matter of law to his reasonable attorney fees. Flaherty v. Hensley (1974), 165 Mont. 434, 437, 529 P.2d 1389, 1390-91.

Diehl argues that in remanding the cause for "further consideration consistent with this opinion" we limited the District Court to addressing only those issues we specifically addressed in our prior opinion. As we did not discuss Houtchens' statutory right to attorney fees, the argument continues, the District Court was powerless to make the statutory award. We disagree.

Our remand for further consideration "consistent with this opinion" meant only that in all future proceedings on the action Houtchens, not Diehl, was to be regarded as the prevailing party. The determination of attorney fees to be awarded Houtchens, as the new prevailing party, is completely consistent with our prior opinion.

-5-

Equally without merit is Diehl's contention that Houtchens waived his right to attorney fees. A review of the record reveals no such waiver. Houtchens sought attorney fees in his answer and counterclaim to Diehl's original action and renewed his claim for fees in the conclusion to his brief on the first appeal. In view of this continuing claim by Houtchens for these fees, we fail to see any support for the argument that he somehow waived them.

Diehl also attacks the amount of the fees awarded as excessive. Again, we disagree. The District Court heard testimony from Houtchens' attorney, Charles Smith, as to the amount of time he spent on the case (77 hours later increased to 83-1/4 hours), the amount of his normal fee ($40 per hour in 1975, increasing to $50 per hour in 1976 and 1977), and the details of his fee arrangement with Houtchens ($40 per hour plus $1,000 for first appeal). Donald Garrity, a local Helena attorney, testified concerning the range of fees charged by attorneys in Helena ($30 to $60 per hour), the ability, experience and reputation of Smith, and the reasonableness of the time spent by Smith on the case. Garrity also commented he felt the $400 awarded Diehl as attorney fees before the Supreme Court's reversal was a reasonable fee for the work done by Diehl's attorney in the case, which Garrity characterized as "roughly comparable" to what Smith had done for Houtchens. The District Court also examined the time records submitted to it detailing the time Houtchens' attorney spent on the case.

We cannot say as a matter of law and applying the guidelines set forth in Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 119-20, 541 P.2d 56, 59, that the award is excessive or not supported by sufficient evidence.

Finally, Houtchens requests that we award him reasonable attorney fees and costs in connection with this appeal. Houtchens' right to any attorney fees is based in part on the broker's contract originally sued on by Diehl. As quoted above, that contract provided that Diehl had the express right to collect attorney fees awarded by "both trial and appellate" courts. Thus, the contract obviously contemplated that attorney fees on appeal as well as at trial were to be charged by Diehl to Houtchens. Section 92-8601.1, R.C.M. 1947, makes this right to attorney fees reciprocal as to Houtchens. We do not find $1,000 as attorney fees for this appeal to be unreasonable and therefore order the same to be paid by Diehl to Houtchens.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices