OPINION OF THE COURT
Richard D. Rosenbloom, J.
Plaintiffs brought this action to recover the value of certain shares of stock of the Federal Land Bank Association of the Finger Lakes, alleging that the stock was converted by defendant, that defendant has been unjustly enriched and that the stock was not disposed of in accordance with the provisions of the Uniform Commercial Code. Defendant contended that it acted in compliance with the Farm Credit Act of 1971 (US Code, tit 12, § 2001 et seq.) and that plaintiffs’ claim is barred by the principle of res judicata. Plaintiffs moved to strike defendant’s defenses and for summary judgment and defendant cross-moved to dismiss the complaint and for summary judgment.
In 1976, plaintiffs borrowed $115,200 from defendant, secured by a mortgage. As a part of that transaction, plaintiffs were required to and did purchase 1,152 shares of stock of the Federal Land Bank Association of the Finger Lakes for $5,760. The stock was retained by defendant as *72 collateral security for the mortgage debt. Upon plaintiffs’ default, defendant commenced an action to foreclose the mortgage. Plaintiffs interposed an answer containing a counterclaim seeking a credit for the value of the stock against any amount due on the mortgage. The answer was eventually withdrawn and defendant took a judgment by default for $112,978.12. Defendant bought the property at the foreclosure sale for $73,000 and ultimately resold it for $115,000. Defendant never applied for a deficiency judgment against plaintiffs and its time to do so has expired. Defendant was unsuccessful in its attempt to amend the judgment of foreclosure and sale to permit an application for a deficiency judgment. Defendant has refused plaintiffs’ demand to return the stock in question.
Plaintiffs contend that defendant had no right to apply the stock to the mortgage debt since no deficiency judgment had been requested or obtained. They rely on RPAPL 1371 (subd 3) which provides that if no motion for a deficiency judgment is made, the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt. The mortgage debt having been fully satisfied, plaintiffs maintain that there was no deficiency on the loan to which the stock could be applied. (See Moke Realty Corp. v Whitestone Sav. & Loan Assn., 82 Misc 2d 396, affd 51 AD2d 1005, affd 41 NY2d 954.)
Defendant claims that its action with regard to the stock was expressly authorized by the provisions of the Farm Credit Act. Voting stock of Federal land banks may be held only by Federal land bank associations and borrowers and cannot be transferred, pledged or hypothecated except as authorized by law (US Code, tit 12, § 2013). Borrowers must become members of a Federal land bank association and must subscribe to stock in the association in an amount between 5 and 10% of their loan (US Code, tit 12, § 2034). The association then purchases a similar amount of stock in the land bank. Section 2034 provides as follows: “Stock shall be retired and paid at fair book value not to exceed par, as determined by the association, upon the full repayment of the loan and if the loan is in default may be canceled for application on the loan, or under other circumstances, for other disposition, when approved by the bank.”
*73 While the Federal law provides guidelines in such areas as loan eligibility, policies, interest rates, association stock and internal affairs of the farm credit system (US Code, tit 12, §§ 2001-2259), the State law governs mortgage foreclosure proceedings (RPAPL art 13). Federal land banks are Federally chartered instrumentalities of the United States and as such are agents of the Federal Government, deriving their powers from the Farm Credit Act (US Code, tit 12, § 2011). In case of conflict between the Farm Credit Act and State law, the Federal law will control. (US Const, art VI; 9 CJS, Banks & Banking, § 885, subd a, par [1], p 1373.)
Plaintiffs’ loan being in default, defendant had the absolute right to cancel the stock for application on the loan. Section 2034 provided defendant with the additional remedy of applying the stock to the loan without obtaining a deficiency judgment. To that extent, section 2034 must be considered to have pre-empted the application of RPAPL 1371. Since the stock was not permitted to be transferred to any other party, there was no need to comply with the provisions of article 9 of the Uniform Commercial Code dealing with disposition in a commercially reasonable manner. The court concludes that defendant properly canceled the stock as expressly authorized by the Farm Credit Act.
There was no evidentiary showing to rebut defendant’s assertion that it sustained a net loss after considering commissions and other closing expenses. Therefore, plaintiffs’ claim that defendant was unjustly enriched must also fail. Defendant’s defense based on res judicata is rejected, however, since plaintiffs’ claim for return of their stock in the foreclosure action was withdrawn and was not adjudicated therein.
Defendant having established its right to cancel plaintiffs’ stock under Federal law and there being no genuine issues of fact requiring a trial, defendant’s cross motion for summary judgment is granted and plaintiffs’ motions are denied, without costs.