No. 87-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

POULSEN'S, INC., a Montana corp.,

        Plaintiff and Respondent,

-vs-

WILLIAM J. WOOD,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        LaRue Smith, Great Falls, Montana

    For Respondent:

        Cure, Borer & Davis; Dennis Tighe, Great Falls,
Montana

_____

Submitted on Briefs:  May 12, 1988

Decided: June 21, 1988

Filed:  JUN 2 1 1988

_____
               Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from a judgment of the Eighth Judicial District Court, Cascade County, granting plaintiff/respondent Poulsen's, Inc. (Poulsen's) summary judgment motion against defendant/appellant, William J. Wood (Wood) for recovery of principal and interest due on a delinquent promissory note and attorney's fees pursuant to the terms of the note. The judgment is appealed from by Wood who filed a motion for summary judgment on a counterclaim at the trial court level alleging the note involved was usurious. We affirm and remand for determination of reasonable attorney's fees and costs on appeal.

Wood presented no issue for appeal on this case in his brief required by Rule 23(a)(2), M.R.App.P. Therefore, the issue as presented by Poulsen's will be addressed by the Court. This issue is as follows:

Whether the District Court erred in granting summary judgment in favor of Poulsen's?

Poulsen's is engaged in the building supply business. Prior to April 29, 1981, Wood purchased from Poulsen's $6,085.48 worth of building materials. On April 30, 1981, Wood executed a promissory note, the first five paragraphs of which are important in this case, stating the following:

> For Value Received, the undersigned promises to pay to the order of Poulson's [sic] Inc., a corporation of Great Falls, Montana, at its office in Great Falls, Montana, in lawful money of the United States, the principal sum of SIX THOUSAND EIGHTY FIVE and 48/100 ($6,085.48) at the times and in the manner as follows:

2

On or before the first day of November 1, 1981, together with interest thereon at the rate of eighteen percent (18%) per annum from the date hereof until paid, which interest shall be due and owing at the same time as the principal hereof.

Any payments made hereunder shall be credited first to interest at the aforesaid rate with the remaining balance to principal reduction.

In case suit shall be brought for the collection of any sum payable hereunder, or if this note or any part thereof shall be collected upon demand of an attorney, the undersigned hereby agrees to pay all costs of collection, including attorney fees.

Anything herein contained to the contrary notwithstanding, the undersigned does not agree and shall not be obligated to pay any amount which would render this obligation usurious.

On March 30, 1987, Poulsen's filed a complaint against Wood for recovery of the principal and interest due on the note plus the costs of suit and attorney's fees. In response to the complaint, Wood filed an answer and counterclaim for usury. Wood admitted executing the note, that it was signed on April 30, 1981, and that he was in default under the terms of the note because he had failed to pay any of the principal and interest due on the note by November 1, 1981.

However, Wood denied the amount due on the note in his counterclaim because, he alleged, "[t]he note . . . is usurious on its face in violation of Sections 31-1-106 and 31-1-107 MCA and the defendant is entitled to recover from

3

the plaintiff the penalty for usury provided by § 31-1-108, MCA."

On May 7, 1987, pursuant to Rule 56, M.R.Civ.P., Wood filed a motion for summary judgment on his counterclaim. In his brief, Wood stated that the maximum allowed interest provided by § 31-1-107(1), MCA, was 17% and therefore the note was usurious. Attached to this memorandum was an "affidavit on cross-claim [sic]" signed by LaRue Smith, (Smith) counsel for Wood, stating:

> Contract interest rates in Montana are legally limited by the provisions of Section 31-1-107 MCA to no more than 10% or "4 percentage points in excess of the discount rate on 90 day commercial paper in effect at the federal reserve bank in the ninth federal reserve district" on the date of the contract. In this date [sic] the controlling contract date is 29 April 1981. The Montana federal reserve bank in Helena has advised the undersigned that on this date the publicly published and established discount rate on 90 day commercial paper was 13%. (Emphasis added.)

Under this statute, therefore, Poulsen's could have charged 17% on the note -- 13% plus the additional 4% in excess of the discount rate on 90 day commercial paper. On May 19, 1987, Poulsen's filed its motion for summary judgment supported by an affidavit of Harold Poulsen, Vice-President of Poulsen's. Harold Poulsen's affidavit stated that the promissory note was not prepared by Poulsen's Inc. and that it was Harold Poulsen's belief that the note was prepared by Wood's attorney. Poulsen's pointed to a demand letter sent by its attorney that calculated the maximum allowable interest rate to be 17% and argued that this figure was based on paragraph five of the promissory note that Wood was not

4

required "[t]o pay any amount which would render this obligation usurious."

A hearing on the motions was held July 13, 1987 and the court issued an order and memorandum decision on July 14, 1987. Prior to the hearing, Wood filed a motion to strike the affidavit of Harold Poulsen on grounds it stated irrelevant and immaterial issues involved in the case and that the complaint and attached note were all the District Court should consider. This motion was denied.

The District Court concluded that the note was not for a loan of money but was evidence of the amount owed by Wood for purchased materials. Therefore, the court found the usury statutes did not apply. The court ordered that Poulsen's was entitled to summary judgment for the principal of $6,085.48 plus 17% interest, attorney's fees and costs.

Because entry of judgment setting the specific amount due was not issued, premature notice of appeal was filed by Wood on July 16, 1987. This Court issued an order on August 19, 1987, pursuant to Rule 22, M.R.App.P., dismissing the appeal because a final judgment had not been entered. A subsequent hearing was held and the District Court issued a judgment, on September 28, 1987, granting Poulsen's $14,547.86. This total amount reflected the principal amount due on the note, $6,085.48, interest calculated at 17%, $1,784.00 for attorney's fees, and $46.70 for costs.

Post-trial motions for a new hearing or in the alternative to amend the judgment, pursuant to Rules 59 and 60, M.R.Civ.P., were filed by Wood on October 8, 1987. Wood also attempted to file a Rule 12(b)(6), M.R.Civ.P. motion to dismiss on grounds that an "open account" or "retail installment sale" was not pleaded by Poulsen's and if so, was

5

barred by the statute of limitations. On October 16, 1987, the District Court denied Wood's post-trial motions as being a "reargument of [Wood's] position at the earlier hearing. . ." on summary judgment.

Wood's second notice of appeal was filed October 29, 1987. This document stated: "Notice is given that the defendant appeals the judgments in the above entitled case . . . " The only judgment filed in this case was the September 28, 1987 judgment and it is assumed by this Court that it is from this judgment that Wood appeals.

The standard of review on summary judgment has been made clear by this Court.

> On review, we will uphold the summary judgment if there is no genuine issue of material fact and the evidence shows the moving party is entitled to judgment as a matter of law. Sevalstad v. Glaus (Mont. 1987), 737 P.2d 1147, 1148, 44 St.Rep. 930, 932. . .

> When the movant has met this initial burden, the party opposing the motion must supply evidence supporting the existence of a genuine issue of fact. [Citation omitted.] Rule 56(c), M.R.Civ.P.

Vogele v. Estate of Schock (Mont. 1987), 745 P.2d 1138, 1141, 44 St.Rep. 1950, 1953.

We note that summary judgment motions were filed by both parties based on their statement of the facts and accompanying affidavits. Wood's initial argument is that both parties were bound by the admissions in the pleadings and, since the note was attached to the complaint and only the amount due for principal and interest was denied, the lower court erred in its findings that went beyond the issue

6

of the amounts due under the note. Rule 56(c), M.R.Civ.P. allows the court to render judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.)

Poulsen's affidavit explains facts surrounding the execution of the promissory note and is relevant to the issue before the court. The affidavit aids the court in determination of the intent involved in the signing of the note. Intent is a necessary part of a usurious transaction. There must be an intent that the lender is to take more than the legal rate of interest for the sum loaned. Hanson v. Bonner (1983), 202 Mont. 505, 512, 661 P.2d 421, 424; 45 Am.Jur.2d 129, Interest and Usury § 160.

Wood claims the District Court erred in determining an "open account" existed. We hold this argument is unmeritorious. The court merely stated Wood purchased materials "on open account prior to April 29, 1981" from Poulsen's. Evidence that supports this statement is present in Poulsen's affidavit. No material issue of fact was created because Wood never came forth with any contrary evidence.

Wood also finds fault with statements by the District Court that Wood "tendered" the note to Poulsen's and the note "memorialized" the amount Wood owed. Again, these statements are supported by Poulsen's affidavit and the pleadings and Wood did not create a material issue of fact by the affidavit of his attorney, or in his pleadings that merely dealt with the usurious interest claim.

7

Wood claims the District Court erred in finding: "on February 20, 1987, Plaintiff's counsel mailed a demand letter to Defendant referring to the note and making demand for the principal and interest (calculated at 17%)." This finding was based on a letter sent by counsel for Poulsen's and did indeed calculate interest at 17%. The letter was attached to Wood's motion for summary judgment and presented to the District Court. Wood now claims on this appeal that the appropriate interest rate should have been 9½% because on February 20, 1987, that was the maximum legal rate.

We disagree with Wood's contentions for two reasons. First, we note that § 31-1-107(2), MCA states: "a loan that is not usurious when made is lawful for the duration of the loan . . ." Here, as is evident from Smith's affidavit, the legal rate of interest would be 17% when the note was signed. As this was not a usurious loan in 1981, it cannot now be claimed that it became usurious when demand was made.

Secondly, paragraph five of the note clearly states that "the undersigned does not agree and shall not be obligated to pay any amount which would render this obligation usurious." In any interpretation of a written contract, the contract must be interpreted as a whole. Section 28-3-202, MCA; Julian v. Montana State University (Mont. 1987), 747 P.2d 196, 199, 44 St.Rep. 2046; Bender v. Rookhuizen (Mont. 1984), 685 P.2d 343, 346-347, 41 St.Rep. 674. An ambiguity exists due to the two conflicting statements as to which percentage of interest controls in this case, and the District Court was proper in interpreting the contract as it did.

Wood contends the District Court ignored a material issue of fact in that the note is a novation "given on an

account stated" under § 28-1-1501, MCA. To some extent, Wood is accurate as the definition of novation "is the substitution of a new obligation for an existing one." Poulsen's disputes this claim by arguing that the note was for merchandise already purchased and therefore was not for money loaned, as the court found, taking the claim out of the usury definition of § 31-1-101, MCA. We will not dismiss this action as simplistically as Poulsen's suggests.

We hold, nonetheless, that neither of these arguments creates a question of material fact that would allow us to reverse the District Court. Even as a novation, a usurious amount was not found by the District Court. The judgment allows recovery of the balance due plus interest in the legal amount of 17%.

Finally, Wood claims that attorney's fees were improperly awarded by the District Court. The note specifically provides that "the undersigned hereby agrees to pay all costs of collection, including attorney fees" in case suit is required to collect on the amount due. Attorney's fees are allowed when they are provided for by statute or contractual provision. Hoven v. Armine (Mont. 1986), 727 P.2d 533, 534, 43 St.Rep. 1977, 1978. See also, §§ 25-10-301 and 28-3-704, MCA. The District Court did not err in granting attorney's fees.

Further, Poulsen's has requested its attorney's fees in responding to this appeal. An award of attorney's fees is proper on appeal where the fees are based on a contract. Lauberdale v. Grauman (Mont. 1986), 725 P.2d 1199, 1200, 43 St.Rep. 1785; Diehl and Associates v. Houtchens (1979), 180 Mont. 48, 53, 588 P.2d 1014, 1017; Burnham, Contract Damages, 44 Mont.L.Rev. 2, 47 (1983). On the facts of this case and

appeal, we hold Poulsen's should receive reasonable attorney's fees and costs incurred.

No material issue of fact has been raised by Wood in this case. Poulsen's appropriately cites to Drug Fair Northwest v. Hooper Enterprises, Inc. (Mont. 1987), 733 P.2d 1285, 1287, 44 St.Rep. 435, for the proposition that a party opposing summary judgment has an affirmative duty to respond by affidavit or sworn statement with specific facts which raise a disputed issue. This burden has not been met by Wood in this case.

We affirm and remand for determination of reasonable attorney's fees and costs on appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices