No. 92-370

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FARM CREDIT BANK OF SPOKANE, a
corporation, successor by merger to
The Federal Land Bank of Spokane,

Plaintiff and Respondent,

v.

LEROY HILL and PEGGY L. HILL, husband
and wife, individually and as Trustees
under   Hill Revocable Trust
dated December 19, 1978, and under
Peggy L. Hill Revocable Trust dated
December 18, 1978, and ROBERT A. HILL,

Defendants and Appellants.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Judith Basin,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Leroy & Peggy Hill, Pro Se, Geyser, Montana

For Respondent:

Dennis Tighe, Cure, Borer & Davis,
Great Falls, Montana

Submitted on Briefs:   January 7, 1993

Decided:   June 23, 1993

FILED

JUN 23 1993

Filed:   Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Farm Credit Bank of Spokane brought this action for foreclosure against Leroy and Peggy Hill. The Bank sought foreclosure of a mortgage on real property located in Judith Basin County, Montana. The District Court for the Tenth Judicial District, Judith Basin County, granted summary judgment to Farm Credit Bank. The Hills appeal. We affirm.

There are six issues on appeal.

1. Did the District Court err when it refused to dismiss Farm Credit Bank's foreclosure action?

2. Did the District Court err when it granted summary judgment to Farm Credit Bank?

3. Did the District Court err when it concluded that Farm Credit Bank had the right to apply member stock to the Hills' indebtedness?

4. Did the District Court err when it ordered that Farm Credit Bank was entitled to a deficiency judgment?

5. Did the District Court err when it determined that the Hills were not entitled to possession of the foreclosed property during the one year statutory redemption period?

6. Is Farm Credit Bank entitled to an award of costs and attorney fees on appeal?

In June 1980, Leroy and Peggy Hill (the Hills), and Robert Hill (who is not a party to this appeal), applied for a loan with the Federal Land Bank of Spokane (FLB) to purchase farm property in

Judith Basin County, Montana. As a condition for obtaining the loan, the Hills were required to purchase $9800 worth of stock in the Federal Land Bank Association (FLBA). The FLBA then purchased a like amount of stock in FLB and the Hills pledged their stock to FLB in the event of default.

On August 1, 1980, FLB loaned the Hills $196,000. As evidence of the loan, the Hills executed and delivered to FLB a promissory note for that amount. As security for repayment of the loan, the Hills executed and delivered a mortgage to FLB. The mortgage encumbered approximately 1330 acres of ranch property in Judith Basin County, but did not encumber the property where the Hills maintained their home.

Judith Basin County was declared a drought disaster area in 1984 and 1985 by the Governor's Office of the State of Montana. It was declared a drought disaster area again in 1988. The Hills made their last annual payment on the promissory note in 1985. They failed to make payments from 1986-89. On July 10, 1989, Farm Credit Bank of Spokane (FCB), which had become the successor by merger to FLB, declared all sums owed under the note and mortgage due and payable in full. On the same day, FCB retired the Hills' stock and applied the par value of the stock to the Hills' indebtedness.

On July 18, 1989, the Hills submitted an application to restructure their loan. The Hills claimed that they were victims of the drought during the mid-80s. The loan agent for FCB denied

3

the Hills' request on October 12, 1989. The Hills then requested and received a review of that decision; however, on December 5, 1989, the Credit Review Committee affirmed the original denial of the restructure application.

Two weeks later, on December 19, 1989, FCB filed a complaint against the Hills in the Tenth Judicial District Court, Judith Basin County, to foreclose on the note and mortgage and to recover $339,785.75, plus accrued interest, attorney fees, and costs. On March 22, 1990, the Hills filed a motion to dismiss FCB's foreclosure action for failure to state a claim upon which relief could be granted. The Hills did not file a brief in support of their motion. On April 9, 1990, the District Court denied the Hills' motion to dismiss.

On October 16, 1991, FCB moved for summary judgment. On January 23, 1992, the District Court issued an order granting summary judgment in favor of FCB. On March 25, 1992, the court entered its Judgment and Decree of Foreclosure in favor of FCB and against the Hills for $437,406.78, plus interest, attorney fees, and costs for a total judgment of $451,125.20. The court's Judgment and Decree ordered FCB to foreclose on the mortgage and to sell the subject property. The court also awarded FCB a deficiency judgment, in the event that one was necessary. Finally, the court declared that the Hills were barred and foreclosed from all claim to the mortgaged real property, "including any right of possession and the equity of redemption except as such right of redemption is

4

granted by law." On May 19, 1992, the court denied the Hills' motions for a new trial and to amend the judgment. The Hills filed a Notice of Appeal on June 18, 1992.

I

Did the District Court err when it refused to dismiss Farm Credit Bank's foreclosure action?

On March 22, 1990, the Hills filed a motion with the District Court to dismiss FCB's foreclosure action based upon a failure to state a claim upon which relief could be granted. The Hills did not file a brief in support of their motion to dismiss. On April 9, 1990, the District Court denied the Hills' motion to dismiss because the Hills failed to file a supporting brief. The Hills appeal the court's denial of their motion to dismiss.

The Hills assert on appeal that the District Court should have taken judicial notice of select portions of the Farm Credit Act (FCA) of 1971, as amended, 12 U.S.C. §§ 2001 to -2279bb-6 and, *sua sponte*, dismissed FCB's foreclosure action based on FCB's failure to comply with due process requirements in the FCA. Specifically, the Hills refer the Court to 12 U.S.C. §§ 2201(b), 2202(a), 2202a - 2202d of the Farm Credit Act of 1971 (amended 1985, 1988). The Hills contend that the amendments to the FCA found in these sections guarantee due process to borrowers in the Farm Credit System and prohibit banks from foreclosing on defaulted loans until all loan restructuring efforts have been exhausted. The Hills

assert that they were denied due process when FCB denied their application to restructure their loan.

The record reveals that the Hills made no argument to the District Court regarding the application of the FCA when they moved to dismiss the foreclosure action. Therefore, there is nothing in the record regarding the lower court's action on this issue for this Court to review on appeal.

It is the settled rule in Montana that this Court will not review the proposed application of a statute raised for the first time on appeal. *Hares v. Nelson* (1981), 195 Mont. 463, 466, 637 P.2d 19, 21. When a party argues for the application of a statute for the first time on appeal, the party raises a new set of questions that were not presented to the district court; and this Court will not find the district court to have erred on an issue that was "not presented to or ruled on by the lower court." *Hanley v. Department of Revenue* (1983), 207 Mont. 302, 307, 673 P.2d 1257, 1259. Accordingly, we decline to address on appeal the Hills' argument concerning the application of the FCA.

II

Did the District Court err when it granted summary judgment to Farm Credit Bank?

The purpose of summary judgment is to encourage judicial economy through the elimination of any unnecessary trial. However, summary judgment is never to be a substitute for trial if there is an issue of material fact. *Reaves v. Reinbold* (1980), 189 Mont. 284,

6

288, 615 P.2d 896, 898. Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The party seeking summary judgment has the burden of demonstrating a complete absence of any genuine factual issues. *D'Agostino v. Swanson* (1990), 240 Mont. 435, 442, 784 P.2d 919, 924; *Cereck v. Albertson's, Inc.* (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. The burden then shifts to the nonmoving party who must show the existence of a genuine issue in order to prevail. *O'Bagy v. First Interstate Bank of Missoula* (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. To meet this burden, the nonmoving party must offer substantial evidence, not mere speculation and conclusory statements. *First Sec. Bank of Bozeman v. Jones* (1990), 243 Mont. 301, 303, 794 P.2d 679, 681.

The record reveals that FCB demonstrated in the summary judgment proceedings that there were no genuine issues of material fact regarding FCB's right to foreclose on the subject property. To make a prima facie case for foreclosure, the bank is obligated to prove the following three elements: (1) the debt of defendants; (2) non-payment of the debt; and (3) present ownership of the debt by the complaining party. *First Nat. Bank v. Quinta Land and Cattle Co.* (1989), 238 Mont. 335, 339, 779 P.2d 48, 50.

Through the affidavit of Lee Signalness, an authorized agent for FCB, and the Hills' depositions, FCB made its prima facie case for foreclosure to the District Court. Signalness testified by

7

affidavit that the Hills borrowed $196,000 from FLB, signed a promissory note, and gave FLB a mortgage. Signalness also testified that the Hills defaulted on their loan. Finally, Signalness testified that FCB was the successor by merger to FLB, and that FCB was the owner and holder of the promissory note and mortgage.

By their own admissions, the Hills supported FCB's prima facie case for foreclosure. Both of the Hills admitted in their depositions that they borrowed $196,000 from FLB. Leroy Hill admitted that he signed a promissory note and executed and delivered a mortgage to FLB. The Hills admitted that they defaulted on their loan. The Hills are bound by their pleadings and are estopped on appeal to controvert their admissions. *Grimsley v. Estate of Spencer* (1983) 206 Mont. 184, 199, 670 P.2d 85, 93. The Hills asserted that FCB was not a properly chartered instrumentality and denied that FCB was the owner and holder of the note and mortgage; however, they did not produce any factual foundation for these conclusory statements.

The Hills assert on appeal that the District Court erred when it granted summary judgment to FCB because factual issues exist regarding FCB's compliance with all provisions of the Farm Credit Act of 1971 (FCA), and its amendments. The Hills delineate 15 items in their appeal brief which they claim are conditions precedent to foreclosure required by the FCA and its amendments. The Hills concede that FCB complied with some of the 15 conditions

8

precedent; however, they assert that FCB failed to comply with all 15 of the provisions.

In particular, the Hills contend that FCB failed to satisfy the conditions precedent set forth at 12 U.S.C. §§ 2199 to 2202c of the Farm Credit Act of 1971 (amended 1985, 1988). They assert that §§ 2199 to 2202c provide due process guarantees to the borrower who is subject to a foreclosure action and that foreclosure is forbidden until all conditions precedent guaranteeing due process have been satisfied. It is the Hills' contention that when FCB denied the Hills' application for loan restructuring, FCB failed to comply with §§ 2199 to 2202c, and therefore, FCB should be barred from foreclosing on the mortgage.

We conclude that FCB produced sufficient evidence before the District Court to demonstrate that it complied with all provisions of the FCA when it denied the Hills' application for loan restructuring. Furthermore, the Hills did not produce evidence to controvert FCB's evidence of compliance. Accordingly, there are no genuine issues of fact regarding FCB's compliance with the FCA.

The Hills also argue that FCB erred when it calculated the Hills' debt. The Hills assert that when they denied, in their answer, the amount of debt calculated by FCB, the applications of certain variable interest rates were in issue; and summary judgment, therefore, was inappropriate.

The record reveals that at no time during the summary judgment proceedings did the Hills set forth any facts or substantial

evidence which disputed FCB's debt calculation. The Hills merely made conclusory statements that the amounts were incorrectly calculated. This Court has held that conclusory or speculative statements are insufficient to raise a genuine issue of material fact. *Kronen v. Richter* (1984), 211 Mont. 208, 212-13, 683 P.2d 1315, 1318.

We conclude that because there were no genuine issues of material fact regarding FCB's compliance with the FCA and FCB's calculation of the Hills' debt, summary judgment was proper.

## III

Did the District Court err when it concluded that Farm Credit Bank had the right to apply member stock to the Hills' indebtedness?

\* The Hills assert that the court erred when it ordered the seizure of the Hills' $9800 worth of stock in FLBA absent any allegation made by FCB in its complaint that it was entitled to the stock, and without showing in its motion or supporting documents why the Bank should receive it. The Hills contend that based on FCB's failure to allege that it was entitled to the $9800, the Hills had no duty to rebut this allegation before the District Court.

The Farm Credit Act of 1971, as amended in 1988, provides statutory authority for Federal Land Banks, now Farm Credit Banks, to retire and apply stock when a loan is in default. Section 2022 of 12 U.S.C. provides that FCB has a first lien on stock it issues.

10

Section 2097 of 12 U.S.C. provides that the FLBA has a first lien on stock it issues. Section 2094 of 12 U.S.C. provides that the retirement of stock is subject to Farm Credit Administration regulation. Section 2154a of 12 U.S.C. provides that stock may be retired by the holder on repayment of the holder's loan or by application of the stock against the indebtedness after default. Farm Credit Administration regulations provide that FCB may retire the stock upon which it has a lien in total or partial satisfaction of the debt. 12 C.F.R. § 615.5280 (1988).

Courts in other jurisdictions have recognized the right of the Federal Land Banks, now Farm Credit Banks, to retire and apply stock to the indebtedness secured by the mortgage when a loan is in default. *See In the Matter of Forester* (9th Cir. 1976), 529 F.2d 310, 312; *In re Stedman* (D.N.D. 1987), 72 B.R. 49, 52-53; *see also, Blake v. Federal Land Bank of Springfield* (N.Y. 1983), 469 N.Y.S.2d 908, 910, *aff'd* 483 N.Y.S.2d 500 (1984) (FLB had the absolute right, pursuant to the Farm Credit Act, to cancel the stock for application on the loan where the loan was in default).

The record reflects that the Hills authorized the purchase of stock at the time the loan was made, that they were put on notice that the stock would be retired, and that the stock was applied to the debt in accordance with the FCA and FCB's own bylaws. The Hills have not provided evidence to show that the retirement of the stock was improper. We conclude, therefore, that

11

the court did not err when it found that FCB properly forfeited and applied the stock.

## IV

Did the District Court err when it ordered that Farm Credit Bank was entitled to a deficiency judgment?

The Hills contend that the District Court erred when it allowed FCB to recover a deficiency judgment because § 71-1-232, MCA, does not allow deficiency judgments where the loan involves a purchase money mortgage. The Hills contend that § 71-1-232, MCA, is not limited to vendors where the lender knows that the purpose of the loan is to purchase the property that is mortgaged. FCB maintains that the anti-deficiency statute does not apply to this foreclosure; and that the statute, by its language, clearly applies to vendors of real property. We agree with FCB.

Under the mortgage foreclosure laws of Montana, a deficiency judgment is not allowed on the foreclosure of a purchase money mortgage. Section 71-1-232, MCA. This Court has held that the anti-deficiency statute applies only to vendors of real property who take back a mortgage for part of the purchase price of real property. *Aetna Life Ins. Co. v. Slack* (1988), 232 Mont. 250, 756 P.2d 1140; *Carpenters - Emp. Ret. Tr. v. Galleria Part.* (1989), 239 Mont. 250, 780 P.2d 608. The FCB is not the vendor of the subject property here; it is a lender. The FCB loaned money to the Hills so that they could purchase the property from a third party. That third party is the vendor. Section 71-1-232, MCA, does not apply to the

12

mortgage foreclosure here, and if the proceeds from the sheriff's sale are insufficient to pay the judgment herein, FCB will be entitled to have a deficiency judgment entered for the balance.

V

Did the District Court err when it determined that the Hills were not entitled to possession of the foreclosed property during the one year statutory redemption period?

The Hills contend that they are entitled to possession of the foreclosed property during the one year redemption period, as provided by § 71-1-229, MCA. When the Hills made their loan application to FLB on June 24, 1980, they admitted that they did not reside on the tract of land encumbered by the mortgage. The mortgage in this case encumbers land that is part of the Hills' general ranch operation.

The judgment debtor must personally occupy land covered by the mortgage as a home, to obtain possession of the foreclosed property after the foreclosure sale. Section 71-1-229, MCA; *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 820 P.2d 1285. This basic requirement is not met in this case. Since the Hills do not personally occupy the foreclosed land as a home, the possession statute does not apply to them.

This case is not analogous to this Court's holding in *Federal Land Bank of Spokane v. Snider* (1991), 247 Mont. 508, 808 P.2d 475. In *Snider*, the debtor's residence was situated on the property subject

13

to the mortgage. The mortgage in *Snider* covered both the crop land and the debtor's residence. This Court found that it was all one parcel. Here, the debtors' residence is not on the foreclosed property. The single parcel subject to the foreclosure does not and never did include any of the Hills' dwellings. Therefore, possession of the foreclosed property will pass to the purchaser at the sheriff's sale.

VI

Is Farm Credit Bank entitled to an award of costs and attorney fees on appeal?

The FCB asserts that it has a contractual right to costs and attorney fees based on a provision in the promissory note. Attorney fees are allowed when they are provided for by statute or contractual provision. *Hoven v. Amrine* (1986), 224 Mont. 15, 17, 727 P.2d 533, 534. The promissory note signed by the Hills on August 1, 1980, provides that "[i]n case of suit hereon or foreclosure, the makers hereof agree to pay a reasonable attorney's fee in addition to other costs." An award of costs and attorney fees is proper on appeal when the fees are based on a contract. *Poulsen's, Inc. v. Wood* (1988), 232 Mont. 411, 417, 756 P.2d 1162, 1166. Accordingly, FCB is entitled to costs and attorney fees on appeal. This case is remanded for a determination of FCB's costs and attorney fees on appeal.

The Judgment of the District Court is affirmed.

_____
Justice

14

We concur:

_John Conway Harrison_

_Karla M. Gray_

_P.C. McCarthy_

_Terry N. Trieweiler_
Justices

June 23, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Leroy & Peggy Hill
Box 8
Geyser, MT 59447

Dennis Tighe
Cure, Borer & Davis
P.O. Box 2103
Great Falls, MT 59403

Leo Graybill, Jr.
Graybill, Ostrem, Warner & Crotty
#18 Sixth St. No., Ste. 205
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy