DA 14-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 252N

FILED

September 16 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

JACK L. ROBINSON,

      Plaintiff and Appellant,

  v.

BILLINGS CLINIC; CBB COLLECTIONS;
EXPERIAN INFORMATION SERVICES,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 13-0447
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jack L. Robinson, self-represented; Billings, Montana

      For Appellees:

          Kevin P. Heaney; Bradley C. Sweat; Crowley Fleck PLLP;
Billings, Montana (for Billings Clinic)

          Thomas J. Leonard; Boone Karlberg P.C.; Missoula, Montana
(for Experian Information Solutions, Inc.)

          Martin S. Smith; Felt, Martin, Frazier & Weldon, P.C.; Billings, Montana
(for CBB Collections)

          Submitted on Briefs:  August 20, 2014
                 Decided:  September 16, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jack L. Robinson (Robinson) appeals from the Order and Decision of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment in favor of Defendants (collectively, Billings Clinic) on Robinson's claims. We affirm.

¶3 Between September 2005 and August 2009, Robinson received medical treatment and various services from Billings Clinic. He signed an agreement promising to pay Billings Clinic for this care. On March 26, 2010, Billings Clinic sent Robinson a bill in the amount of $3,483.28. However, Robinson insisted that he only owed $2,101.28. Although Robinson made initial installment payments, he eventually quit making payments on his bill. Billings Clinic offered to reduce the bill in exchange for payment, but these efforts proved unavailing. Billings Clinic assigned Robinson's account to CBB Collections (CBB). At this point, Robinson owed $3,062.66.

¶4 On March 9, 2012, Robinson tendered a check to CBB for $2,101.28. CBB returned the check to Robinson, informing him that his offer was insufficient to cover the amount owing on his account. CBB then reported Robinson to the following credit reporting agencies: Experian Information Solution, Inc. (Experian), TransUnion, and Equifax Information Services, LLC. The District Court noted that, as a result,

2

Robinson's credit score eventually declined, which affected his "business practice of procuring home and business mortgages."

¶5    On April 11, 2013, Robinson, acting pro se, filed a complaint alleging that Billings Clinic wrongfully and negligently filed unjustified money charges against his account, causing his credit score to drop. On December 31, 2013, Billings Clinic filed a motion for summary judgment. Following a hearing, the court granted Billings Clinic's motion and dismissed the case. Robinson appeals.

¶6    We conduct de novo review of summary judgment orders, performing the same analysis as a district court pursuant to Rule 56 of the Montana Rules of Civil Procedure. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, 192 P.3d 186. "Summary judgment may be granted only when there is a complete absence of genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Lorang*, ¶ 37 (citing M. R. Civ. P. 56(c)). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. Once this has been accomplished, the burden "shifts to the non-moving party to prove by more than mere denial and speculation that a genuine issue of material fact does exist." *Williams v. Plum Creek Timber Co.*, 2011 MT 271, ¶ 14, 362 Mont. 368, 264 P.3d 1090.

¶7    In granting Billings Clinic's motion for summary judgment, the District Court explained that Billings Clinic presented credible and substantial evidence that Robinson received medical treatments from Billings Clinic, promised to pay for the treatments, and then failed to pay for the treatments. The court determined that Robinson did not and could not refute this evidence, and that "Robinson failed to come forward with any

3

substantial evidence to establish a genuine issue of material fact because he relies solely on speculation, opinion, and conclusory statements." Robinson asks us to reverse the District Court because "[t]here was no good reason for a summary judgment . . . before the discovery period has ended." He also maintains that summary judgment has no basis in the law and that the District Court discriminated against him as a pro se litigant. Billings Clinic responds that a party may move for summary judgment at any point during litigation and that Robinson failed to produce admissible evidence that would create a genuine issue of material fact.

¶8 The District Court properly concluded that, absent sworn testimony, affidavits, or other credible evidence supporting his claims, Robinson's claims could not survive summary judgment. Speculative and conclusory statements are insufficient. *Farm Credit Bank v. Hill*, 266 Mont. 258, 265, 879 P.2d 1158, 1162 (1993). We have previously held that merely asserting that a debt has been improperly calculated will not preclude summary judgment. *Farm Credit Bank*, 266 Mont. at 265, 879 P.2d at 1162. While we afford pro se litigants a certain degree of latitude in presenting their cases, "that latitude cannot be so wide as to prejudice the other party, and it is reasonable to expect all litigants, including those acting pro se, to adhere to procedural rules." *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. M. R. Civ. P. 56(c) states that a party may move for summary judgment at any time, and a district court has discretionary control over the process of discovery. After Billings Clinic presented evidence establishing that Robinson failed to pay a bill that he promised to pay, the burden shifted to Robinson to establish that a genuine issue of material fact existed. Robinson failed to

meet this burden. There is nothing in the record suggesting that the District Court treated Robinson unfairly as a pro se litigant or inappropriately managed the discovery process.

¶9     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. There was no abuse of discretion by the District Court on any matters of discretion.

¶10    Affirmed.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT