No. 97-666

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 145

UNIFIED INDUSTRIES, INC.,

Plaintiff and Appellant,

v.

WALTER D. EASLEY, et al.,

Defendants and Respondents.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John D. Greef, Attorney at Law, Hamilton, Montana

For Respondents:

Jeffrey B. Hays; Recht, Hays & Hayes, Hamilton, Montana

Submitted on Briefs: February 18, 1998

Decided: June 9, 1998
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Unified Industries, Inc. (Unified) sued numerous defendants, under

several legal theories, seeking the declaration of an easement across their property to property it owns and an injunction prohibiting them from obstructing its use of the easement. Defendants Arthur J. Frank, William J. Harris, Gloria E. Harris, Kent Olsen, Laura Olsen, Kevin J. Robinson, and Kathy A. Robinson (Specified Defendants) moved for summary judgment and the Twenty-First Judicial District Court, Ravalli County, granted the motion. Judgment was entered accordingly, Unified appeals, and we affirm.

¶2    We rephrase the issues raised on appeal as follows:

¶3    1.    Did the District Court err in concluding that Unified had been transacting business in Montana without a certificate of authority from the Montana Secretary of State?

¶4    2.    Did the District Court err in concluding that Unified was transacting business illegally?

¶5    3.    Did the District Court err in concluding that Unified was equitably estopped from claiming a prescriptive easement based on use during the statutory five-year period?

                    BACKGROUND

¶6    Unified is a nonprofit Utah corporation organized in 1979. It has "members" rather than shareholders; its members are Apostolic United Brethren. Unified acquired certain properties in Montana in 1982, some of which had been owned by another nonprofit corporation which also had "members," and subsequently allowed its members to build houses on the properties, as had the previous corporate owner. One of Unified's properties had a deeded right of access over Bitterroot Ridge Road and another had a deeded right of access over both Bitterroot Ridge Road and Bourne Lane. Other properties acquired by Unified in the same area did not have deeded access via either of the roads, but Unified's members residing on those properties used the roads to travel to Pinesdale for many years. In 1994, the defendants discovered that members who live on Unified's properties without deeded access used Bitterroot Ridge Road and Bourne Lane to travel to Pinesdale and blocked both roads with locking cables.

¶7    In April of 1995, Unified obtained a certificate of authority to transact business in Montana from the Montana Secretary of State. It subsequently filed a complaint--and later an amended complaint--seeking a declaration that its members had established either a public or private prescriptive easement across Bitterroot Ridge Road and Bourne Lane, that the roads were public, or that the members had an easement by grant and requesting an injunction prohibiting obstruction of the members' use of the easement. Several of the defendants filed confessions of judgment and others filed a combined answer and demand for jury trial.

¶8    Depositions were taken and, thereafter, the Specified Defendants moved for summary judgment. The District Court granted the motion concluding that, although Unified was not barred from maintaining the action for lack of a

certificate of authority, it was equitably estopped from claiming a prescriptive easement because it had been illegally transacting business in Montana.  The District Court also concluded that, with the exception of Unified's deeded right of access to two parcels, the Specified Defendants were entitled to judgment as a matter of law on Unified's other theories of access.  Judgment was entered accordingly and Unified appeals from those portions of the District Court's order on summary judgment which relate to its prescriptive easement claim.

### STANDARD OF REVIEW

¶9    We review a district court's ruling on summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria applied by the district court.  Montana Metal Buildings, Inc. v. Shapiro (1997), 283 Mont. 471, 474, 942 P.2d 694, 696 (citation omitted).  The moving party must establish the absence of genuine issues of material fact and entitlement to judgment as a matter of law.  Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696 (citation omitted).  If the moving party satisfies its burden, the party opposing summary judgment must present substantial and material evidence that raises a genuine issue of material fact.  Montana Metal Buildings, 283 Mont. at 474, 942 P.2d at 696 (citation omitted).  We review conclusions of law to determine whether the district court's interpretation of the law is correct.  Ash Grove Cement Co. v. Jefferson County (1997), 283 Mont. 486, 491-92, 943 P.2d 85, 89 (citation omitted).

### DISCUSSION

¶10   1.   Did the District Court err in concluding that Unified had been transacting business in Montana without a certificate of authority from the Montana Secretary of State?

¶11   Section 35-2-820(1), MCA, provides that a corporation may not transact business in Montana until it has obtained a certificate of authority from the secretary of state.  Section 35-2-820(2), MCA, lists activities which do not constitute transacting business, including owning real or personal property that "does not produce income or is not used in the performance of a corporate function."  In their motion for summary judgment, the Specified Defendants argued that Unified had owned property that was used in performing a corporate function for a number of years prior to obtaining a certificate of authority and, therefore, Unified was transacting business illegally in Montana under § 35-2-820, MCA.

¶12   The District Court concluded that Unified's acquisition of real property rights constituted the transacting of business in Montana under § 35-2-820(2), MCA, because one of Unified's corporate functions--as stated in its amended Articles of Incorporation--was to act as a holding company for real estate. Unified argues on appeal that it was not transacting business and, therefore, the District Court's conclusion was erroneous.  The Specified Defendants respond that Unified conceded in the District Court that it was transacting business in Montana and, even if it did not concede the issue, Unified should not be permitted to raise this issue for the first time on appeal.

¶13   The record reflects that, in opposing summary judgment, Unified did not specifically argue that it was not transacting business in Montana.  Instead,

Unified argued that, while § 35-2-821(1), MCA, prohibits a foreign corporation transacting business in Montana from maintaining a court proceeding until it obtains a certificate of authority from the secretary of state, it had obtained a certificate of authority prior to instituting this action and was authorized to maintain this proceeding.

¶14  We conclude that Unified's statement in the District Court that "[a] foreign corporation transacting business in this state may maintain a proceeding in any court of this state after obtaining a certificate of authority," followed immediately by an affirmative statement that Unified had a certificate of authority, is an implicit concession that it was transacting business in Montana.  Moreover, Unified did not respond to the Specified Defendants' summary judgment argument that it was transacting business.  In our view, this failure to respond also constitutes an implicit concession that it was, in fact, transacting business in Montana during the time period in which it acquired and held real property here.  Thus, Unified did not argue in the District Court that it was not transacting business in Montana.

¶15   The general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory. Day v. Payne (1996), 280 Mont. 273, 276, 929 P.2d 864, 866 (citation omitted).  The basis for the general rule is that "it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider."  Day, 280 Mont. at 276-77, 929 P.2d at 866 (citation omitted).

¶16  Unified argues in this regard that, even if it is arguing that it was not transacting business for the first time on appeal, that issue falls within the exception to the general rule set forth in Jones v. Fireman's Fund Insurance Company (Cal. Ct. App. 1969), 76 Cal.Rptr. 97, 99 (citations omitted).  Under Jones, a court may address an issue raised for the first time on appeal "where the facts are not disputed and the issue merely raises a new question of law." Jones, 76 Cal.Rptr. at 99 (citations omitted).  Indeed, that exception to the general rule is "well recognized" in California.  See Jones, 76 Cal.Rptr. at 99 (citations omitted).

¶17  Unfortunately for Unified, however, it is changing its theory on appeal in Montana, rather than in California, and we have not adopted the California exception.  Moreover, we decline to do so here.  This Court addresses only issues which are legal or equitable; we are not fact finders.  Adopting the California exception would effectively swallow our general rule against addressing new issues or changes in legal theory on appeal.  Furthermore, it is our view that the California exception is not fair to trial courts who ruled on the legal issues presented to them and who could then find themselves held in error on an issue or theory they had no opportunity to address.

¶18  Finally, Unified argues that the Specified Defendants raised the transacting business issue in the District Court in their brief in support of summary judgment and, therefore, the issue is not newly raised on appeal. While it is true that the Specified Defendants raised the issue, Unified's argument misses the mark.  The point is that Unified did not controvert the

Specified Defendants' contention that it was transacting business. Unified having failed to do so in the District Court, we will not allow it to raise the issue here for the first time. Therefore, we decline to address this issue further.

¶19  2.  Did the District Court err in concluding that Unified was transacting business illegally?

¶20  The District Court concluded that, under § 35-2-820, MCA, Unified had been transacting business in Montana illegally prior to April 24, 1995, when it obtained its certificate of authority. Unified argues that the District Court's conclusion is incorrect as a matter of law under § 35-2-821(5), MCA. Unified did not raise this argument in opposing summary judgment, however, and as discussed above, we will not address an issue raised for the first time on appeal or a party's change in theory. See Day, 280 Mont. at 276, 929 P.2d at 866 (citation omitted).

¶21  Unified contends that we should consider § 35-2-821(5), MCA, on appeal because it relied on § 35-2-821(1), MCA, in the District Court. According to Unified, relying on one subsection of the controlling statute in the District Court should be sufficient to preserve for appeal an issue under a different subsection. In this regard, it argues that, unlike the defendants in Farm Credit Bank of Spokane v. Hill (1993), 266 Mont. 258, 879 P.2d 1158, it presented the controlling statute to the District Court and, therefore, Farm Credit Bank is inapplicable.

¶22  In Farm Credit Bank, the Hills did not raise a certain federal statute as a basis for dismissal at the district court but, on appeal, argued that the district court should have sua sponte applied the statute. Farm Credit Bank, 266 Mont. at 262-63, 879 P.2d at 1160. We stated that "[w]hen a party argues for the application of a statute for the first time on appeal, the party raises a new set of questions that were not presented to the district court; and this Court will not find the district court to have erred on an issue that was 'not presented to or ruled on by the lower court.' " Farm Credit Bank, 266 Mont. at 263, 879 P.2d at 1161 (quoting Hanley v. Department of Revenue (1983), 207 Mont. 302, 307, 673 P.2d 1257, 1259). As a result, we declined to address the Hills' arguments regarding the statute. Farm Credit Bank, 266 Mont. at 263, 879 P.2d at 1161.

¶23  Unified's argument that Farm Credit Bank is inapplicable here is without merit. As was the case in Farm Credit Bank, Unified's arguments to the District Court under § 35-2-821(1), MCA, involved a legal issue entirely distinct from the issue it presents to this Court under § 35-2-821(5), MCA. Section 35-2-821(1), MCA, provides that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Unified argued below that, because it had obtained a certificate of authority in 1995, it was authorized to maintain the present action. Unified argues on appeal, however, that the District Court's conclusion that it was transacting business illegally was erroneous under § 35-2-821(5), MCA, which provides that "[n]otwithstanding the provisions of subsections (1) and (2), the failure of

a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state." This argument that subsection (5) validates Unified's transacting of business prior to having obtained a certificate of authority is totally separate and distinct from that made in the District Court.

¶24 Unified's arguments to this Court under a different subsection of § 35-2-821, MCA, present a new set of legal questions and it would be unfair to fault the District Court for failing to rule correctly on questions it was never given the opportunity to consider. See Farm Credit Bank, 266 Mont. at 263, 879 P.2d at 1161 (citation omitted). Moreover, we will not address a party's change in theory on appeal. See Day, 280 Mont. at 276, 929 P.2d at 866 (citation omitted). We decline to address this issue.

¶25 3. Did the District Court err in concluding that Unified was equitably estopped from claiming a prescriptive easement based on use during the statutory five-year period?

¶26 The District Court concluded that Unified was equitably estopped from claiming a prescriptive easement based on use during a period when it was illegally transacting business in Montana. It further concluded that equitable estoppel prohibited Unified's claim of a prescriptive easement based on use by the prior owner which also was a foreign corporation transacting business illegally in Montana. As a result, the District Court concluded that Unified had failed to establish a five-year period of prescriptive use and, therefore, its claimed prescriptive easement failed as a matter of law.

¶27 The Specified Defendants raised the equitable estoppel issue in their motion for summary judgment in the District Court; Unified did not respond. Similarly, Unified waited until its reply brief on appeal to argue that the elements of equitable estoppel were not met and, consequently, that the District Court erred in granting summary judgment to the Specified Defendants on that basis.

¶28 As discussed above, a party may not raise a new issue or change its theory on appeal. See Day, 280 Mont. at 276, 929 P.2d at 866 (citation omitted). Nor, as we repeatedly have stated, may a party raise an issue for the first time in its reply brief. See, e.g., State v. Hagen (1997), 283 Mont. 156, 159, 939 P.2d 994, 996 (citations omitted); EBI/Orion Group v. Blythe (1997), 281 Mont. 50, 57, 931 P.2d 38, 42 (citation omitted); Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 512, 905 P.2d 158, 162 (citation omitted); see also Rule 23(c), M.R.App.P. For both of these reasons, Unified's argument that the elements of equitable estoppel were not satisfied is not properly before this Court and we decline to address it.

¶29 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  JIM REGNIER
/S/  WILLIAM E. HUNT, SR.