No. 99-561

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 91N

IN THE MATTER OF THE GUARDIANSHIP

OF WILSON JESSIE WYNNE,

an incapacitated and protected person.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

Honorable John Warner, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Carl White, Havre, Montana

For Respondent:

Frank Altman, Altman & Boucher, Havre, Montana

Jeff Ferguson, Great Falls, Montana

_____

Submitted on Briefs: March 23, 2000

Decided: April 11, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Wilson Jessie Wynne appeals the appointment of her daughter Nancy McDonagh as her guardian and conservator, in the Twelfth Judicial District Court, Hill County.

We affirm.

3. ¶The issues are whether the court erred in denying Wynne's motion to dismiss; whether the court erred in precluding Wynne's counsel from examining witnesses or presenting argument; and whether the court erred in allocating the burden of proof.

4. ¶Wynne's motion to dismiss this proceeding was based upon her contention that venue was properly in Arizona, her permanent place of residence, rather than in Hill County, Montana, where she was temporarily located. She concedes, however, that the court had personal jurisdiction over her because she was present in Montana, and subject matter jurisdiction because she was incapacitated and in need of protection. The court denied the motion to dismiss on those bases. No evidence was presented that a proceeding for guardianship or conservatorship had been initiated elsewhere. We hold that the District Court did not err in denying Wynne's motion to dismiss.

5. ¶As the hearing began, Wynne's attorney advised the court that he might be called as a witness. The court therefore ruled that Wynne's counsel would be excluded from examining and cross-examining witnesses, with the exception that the court would consider any specific requests by him to question specific witnesses. Although Wynne's attorney made no such request during the hearing and did not object to the stipulation of settlement which was eventually proposed to the court, Wynne asserts on appeal that the court denied her right to counsel by precluding her attorney from having any contact with her and by not taking evidence on whether he had been denied contact with her.

6. ¶The court's ruling that Wynne's counsel could not examine and cross-examine witnesses without a specific request as to a specific witness did not preclude him from making the arguments now made to this Court concerning the settlement agreement reached or his purported lack of contact with Wynne during trial. We will not hold a district court in error based on an argument not raised below. *Unified Industries, Inc. v. Easley,* 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. Because counsel failed to raise these matters in the District Court, we do not consider them further.

7. ¶Counsel also asserts that he was precluded from arguing that the petition for guardianship was deficient because it did not specify whether a full or limited guardianship was sought, as required under § 72-5-319, MCA. In light of the document filed by Wynne's counsel nominating her niece, Judy Rutledge, as her full guardian; the ample support in the record for the appointment of a full guardian; and the fact that McDonagh was appointed full guardian; we conclude that this argument is frivolous.

8. ¶Finally, Wynne argues that the District Court erred in placing upon her the burden of proving that she was capable of choosing the person whom she wished to serve as her guardian and conservator. She asserts that under § 72-5-421(5), MCA, she should have been presumed to have the capacity to make a nomination.

9. ¶The record does not reveal any ruling by the District Court that Wynne was presumed incompetent to nominate her guardian. Moreover, Rutledge, the nominee proposed by Wynne's attorney, effectively withdrew her petition by agreeing during trial that McDonagh should be appointed. Because this question has therefore been rendered moot, we do not further consider it. *See Turner v. Mountain Engineering and Const., Inc.* (1996), 276 Mont. 55, 59, 915 P.2d 799, 802.

10. ¶The judgment of the District Court is affirmed.


/S/ J. A. TURNAGE


We concur:


/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER