No. 01-163

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 28N

THOMAS IDE,

Plaintiff and Appellant,

v.

STATE OF MONTANA, DEPARTMENT
OF JUSTICE, MOTOR VEHICLE DIVISION,

Defendant and Respondent.

FILED

FEB 2 5 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding

COUNSEL OF RECORD:

For Appellant:

Mark E. Jones, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

Christopher G. Miller, Powell County Attorney, Deer Lodge,
Montana

Submitted on Briefs: January 24, 2002

Decided: February 25, 2002

Filed:



Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Thomas Ide appeals from the decision of the Third Judicial District Court, Powell County, denying his petition for reinstatement of his driver's license, which was seized when he failed to submit to a test of his breath for alcohol or drugs. We affirm.

¶3 On appeal, Ide argues that his arrest was illegal because the officer lacked probable cause to arrest him for driving under the influence (DUI). Fatally to his appeal, Ide did not argue this theory before the District Court.

¶4 In both his proposed findings and conclusions and his response to the State of Montana's proposed findings and conclusions in the District Court, Ide asserted only that the arresting officer lacked particularized suspicion to stop him on suspicion of DUI. The District Court ultimately disagreed, and Ide has appealed that decision. Ide did not advocate for a finding of no probable cause for his arrest in the District Court. While Ide asserts "[t]here is nothing new" regarding his assertion of error relating to lack of probable cause on appeal, he is incorrect. Particularized suspicion and probable cause to arrest are two distinct

2

issues: particularized suspicion is determined at the time of the initial stop of a vehicle, while probable cause for the arrest may arise based on the occurrence of facts or incidents after the initial stop. See *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶¶ 12-13, 289 Mont. 1, ¶¶ 12-13, 961 P.2d 75, ¶¶ 12-13.

¶5     This Court has repeatedly held that it will not address either an issue raised for the first time on appeal or a party's change in legal theory on appeal. See, e.g., *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. We do not consider such matters because it is unfair to fault a tial court on an issue it was never given an opportunity to consider. *Renner* v. *Nemitz,* 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15.

¶6     Because Ide did not argue lack of probable cause in the District Court, we decline to address that argument further. Nor has Ide presented argument, legal analysis or authority-- as required by Rule 23(a)(4), M.R.App.P.--challenging the particularized suspicion determination on which the District Court premised its denial of his petition for reinstate- ment.

¶7     Affirmed.

_____
                Chief Justice

3

We concur:

_____

_____
Patricia Cotter

_____
Jim Rice

_____
W. William Leaphart
　　　Justices