No. 01-902

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 156N

LORI A. HARTFORD,

        Plaintiff and Appellant,

    v.

GENERAL MOTORS CORPORATION,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Second Judicial District,
                       In and for the County of Stillwater, Cause No. DV 00-36,
                       Honorable Blair Jones, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Roy W. Johnson, Attorney at Law, Billings, Montana

        For Respondent:

                Gerald B. Murphy and Nancy Bennett, Moulton, Bellingham,
                Longo & Mather, P.C., Billings, Montana

Submitted on Briefs:  April 18, 2002

Decided:  June 3, 2003

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Lori A. Hartford (Hartford) appeals from the District Court's order granting summary judgment in favor of Defendant General Motors Corporation (General Motors). We affirm. The issue on appeal is whether the District Court erred in determining that Hartford's claim was barred by the applicable statute of limitations.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 23, 1997, Hartford was operating a 1994 Saturn, manufactured by General Motors, which was struck from behind by a semitractor-trailer. Hartford was thrust backward, and the driver's seat of her vehicle collapsed. She sustained injuries in the collision and immediately sought medical treatment. According to the medical report attached to an affidavit Hartford filed in opposition to summary judgment, Hartford's injuries have been symptomatic since the accident. Hartford's claims against the operator of the semitractor-trailer are not at issue in this appeal.

¶4 In August of 1999, Hartford located a recall notice on the Internet regarding 1994 Saturn Model Z automobiles manufactured from January 1994 to August 1994. The purpose of the recall was to address a faulty recliner mechanism in the vehicle's front seats. When

Hartford learned of the recall, she no longer owned her 1994 Saturn, and thus was not directly notified of the recall.

¶5 On September 28, 2000, over three years and one month after the accident, Hartford filed a complaint against General Motors alleging that the seat recliner mechanism in her Saturn automobile was defective and that she had sustained injuries therefrom during the accident. General Motors raised the affirmative defense of statute of limitations. After hearing, the District Court granted summary judgment in favor of General Motors. Hartford appeals.

## STANDARD OF REVIEW

¶6 Summary judgment is appropriate when the pleadings, discovery and affidavits establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review an order granting summary judgment *de novo*, by applying the same evaluation based on Rule 56, M.R.Civ.P., as the district court. *Kaeding v. W.R. Grace & Co,* 1998 MT 160, ¶ 15, 289 Mont. 343, ¶ 15, 961 P.2d 1256, ¶ 15. Our inquiry is as follows:

> "The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred."

*Kaeding*, ¶ 15 (quoting *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903).

3

**DISCUSSION**

¶7     Both parties acknowledge that § 27-2-204(1), MCA, provides a three-year period within which a tort action must be filed.  This time period commences when a claim accrues. Section 27-2-102(2), MCA.  A claim accrues "when all elements of the claim or cause exist or have occurred" or "the right to maintain an action on the claim or cause is complete . . . ." Section 27-2-102(1)(a), MCA.  A general lack of knowledge by the claimant about a claim or cause of action, or its accrual, does not postpone the commencement of the time period. *Kaeding*, ¶ 17.  However, the period of limitation does not commence on an injury claim "until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered" by the claimant, if:

> (a)  the facts constituting the claim are by their nature concealed or self-concealing; or
> (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

Section 27-2-102(3), MCA.

¶8     Hartford first argues that she has sustained a "latent," or self-concealing injury.  She asserts that this Court has recognized that actions may be filed after the expiration of the three-year limitation period in latent injury cases.  She argues that the proper inquiry is when she discovered, or in the exercise of reasonable diligence, should have discovered the elements of her claim, which is a factual question to be determined by a jury, and not by summary adjudication.

4

¶9     Hartford's briefing does not explain why she believes her injury is latent.  In the District Court, she argued that the three-year limitation period should be tolled until she had discovered "the potential extent of her injuries."  Section 27-2-102(3)(a), MCA, provides that the statutory period can be tolled for a latent injury if "the facts constituting the claim are by their nature concealed or self-concealing . . . ."  A claimant's lack of knowledge about "the potential extent" of her injuries, or damages, does not conceal the "facts constituting the claim."  We have previously held that "it is not necessary to know the total extent of damages that an act causes to begin the running of the statute of limitations." *E.W. v. D.C.H.* (1988), 231 Mont. 481, 487, 754 P.2d 817, 820.  Thus, as a matter of law, the statute of limitations was not tolled pursuant to § 27-2-102(3)(a), MCA.

¶10    Hartford also argues that the statutory period should be tolled because of fraudulent concealment.  Hartford contends that General Motors did not disclose to her that the seat mechanism was faulty, despite its knowledge to the contrary.  She contends that General Motors' concealment and her ultimate discovery of the defective seat mechanism are factual issues that should be determined by a jury.

¶11    However, Hartford has alleged no facts indicating that General Motors engaged in fraudulent concealment of the asserted defect.  Her complaint does not assert a claim of fraudulent concealment. Her affidavit in opposition to summary judgment simply states that she was "not notified [of the recall] as I no longer owned the car I was injured in."  This statement may explain why Hartford was not included on the list of owners who were notified of the vehicle recall, but it does not create a material factual issue about whether

5

General Motors "has taken action which prevents the injured party from discovering the injury or its cause." Section 27-2-102(3)(b), MCA. Concealment has simply not been alleged, and summary judgment on the issue was properly granted.

¶12 Finally, Hartford asserts that the limitation period may be tolled by estoppel. However, this argument was not made in the District Court. The Court does not consider a change in legal theory or new arguments first raised on appeal, because of the fundamental unfairness of faulting a district court for failing to rule correctly on an issue it was never given the opportunity to consider. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. Consequently, we decline to address this argument.

¶13 The District Court is affirmed.


/S/ JIM RICE


We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER