No. 01-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 310N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

HAROLD HENDERSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC 97-180
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Harold Henderson, Deer Lodge, Montana (*pro se*)

        For Respondent:

        Honorable Mike McGrath, Montana Attorney General, Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana; Brant Light, Cascade County
Attorney, Susan Brooke, Deputy County Attorney, Great Falls, Montana

Submitted:  April 25, 2002

Decided:  November 13, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Harold Henderson (Henderson) appeals, *pro se*, the judgment entered by the Eighth Judicial District Court, Cascade County, denying his petition for post-conviction relief.

¶3 We address the following issues on appeal and affirm:

¶4 1. Did the District Court err in failing to reconsider Henderson's sentence without using the results of the polygraph test?

¶5 2. Did the District Court have original jurisdiction over Henderson?

¶6 3. Is the crime of indecent exposure a lesser included offense of the crime of sexual assault?

¶7 4. Was Henderson denied effective assistance of counsel?

¶8 5. Did Henderson's sentence constitute cruel and unusual punishment?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶9 On May 19, 1997, Henderson was charged by information with two counts of felony sexual assault for sexually abusing two neighborhood children, on separate occasions, by making them watch pornographic movies while rubbing baby oil on his penis.

¶10 On June 26, 1997, through retained counsel, Henderson filed a motion for alleged sex offender evaluation and requested the District Court order such an evaluation, which

2

typically includes administration of a polygraph test.  The District Court granted Henderson's motion on July 3, 1997.

¶11    On October 17, 1997, Henderson signed an acknowledgment of waiver of rights by plea of guilty and an associated plea agreement.  Subsequently, retained counsel was substituted out, and appointed counsel then represented Henderson.

¶12    On October 26, 1998, Henderson again signed an acknowledgment of waiver of rights by plea of guilty and an associated plea agreement.  Counsel was again substituted.  Through new appointed counsel, on March 31, 1999, Henderson entered a plea of guilty to both charges in District Court.  In so doing, he admitted to the District Court the facts underlying both charged offenses.

¶13    On April 30, 1999, a presentence investigation report, which contained Henderson's polygraph results, was filed.

¶14    On May 18, 1999, the District Court sentenced Henderson.  Henderson did not appeal this sentence.

¶15    On June 16, 2000, Henderson filed a petition for post-conviction relief, which the District Court denied on May 24, 2001.

¶16    Henderson now appeals the District Court's judgment.

**STANDARD OF REVIEW**

¶17    In reviewing a district court's denial of a petition for post-conviction relief, we determine whether the district court's findings are clearly erroneous and whether the district court's conclusions are correct.  *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, ¶ 13,

3

60 P.3d 951, ¶ 13.

## DISCUSSION

¶18 **1.    Did the District Court err in failing to reconsider Henderson's sentence without using the results of the polygraph test?**

¶19    Henderson argues that he should be allowed an evidentiary hearing to reconsider his sentence because the District Court should not have included as evidence his polygraph results during his sentencing.

¶20    The State of Montana (State) contends that because Henderson did not object to the use of the polygraph results either before or during his sentencing, he cannot now raise his objection here.  We agree.

¶21    Under § 46-20-104(2), MCA, "[f]ailure to make a timely objection during trial constitutes a waiver of the objection . . . ."  Because Henderson did not object to the use of the polygraph results before or during sentencing, we hold that he waived his objection.

¶22    Further, Henderson's claim here could have been raised on direct appeal but was not. As such, we hold that, additionally, Henderson's claim is procedurally barred under § 46-21-105(2), MCA, which states that when a person could have raised a contention on direct appeal but did not, that person cannot then appeal the contention in a petition for post-conviction relief.

¶23  **2.     Did the District Court have original jurisdiction over Henderson?**

¶24  Henderson contends that since both crimes of sexual assault took place in September 1995, but he was not charged until May 1997, the District Court did not have original jurisdiction over him.

¶25  The State counters that under the Montana Constitution, district courts have original jurisdiction in all criminal cases amounting to a felony.  Further, the State maintains that under § 45-1-205(1)(b), MCA, a prosecution for felony sexual assault may be commenced within five years after the victim reaches 18 years of age, if that victim was under 18 at the time of the offense.

¶26  We agree that article VII, section 4, of the Montana Constitution and § 45-1-205(1)(b), MCA, are dispositive of this issue.  Article VII, section 4, states specifically that "the district court has original jurisdiction in all criminal cases amounting to [a] felony . . . ."  In addition, § 45-1-205(1)(b), MCA, states:

> A prosecution for a felony offense under 45-5-502 [sexual assault] . . . may be commenced within 10 years after it is committed, except that it may be commenced within 10 years after the victim reaches 18 years of age if the victim was less than 18 years of age at the time that the offense occurred.

¶27  We hold that the District Court had original jurisdiction over Henderson because Henderson committed the crime of sexual assault, a felony offense, and his felony charge was brought within the ten-year time frame applicable to prosecution of the felony offense of sexual assault.

¶28     **3.      Is the crime of indecent exposure a lesser included offense of the crime of sexual assault?**

¶29     Henderson argues that the crime of indecent exposure is a lesser included offense of the crime of sexual assault. As such, he argues that he was not adequately advised of this fact before pleading guilty to both felony sexual assault charges.

¶30     The State maintains that the crime of indecent exposure is not a lesser included offense because it requires proof of different elements than does the crime of sexual assault. We agree.

¶31     "Included offense" means an offense that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged," Section 46-1-202(9), with the term "facts" referring to the statutory elements of the offenses, and not the individual facts of the case. *See State v. Greywater* (1997), 282 Mont. 28, 34, 939 P.2d 975, 978; *State v. Smith* (1996), 276 Mont. 434, 443, 916 P.2d 773, 778.

¶32     A person commits the offense of indecent exposure if:

> the person knowingly or purposely exposes the person's genitals under circumstances in which the person knows the conduct is likely to cause affront or alarm in order to:
>     (a) abuse, humiliate, harass, or degrade another; or
>     (b) arouse or gratify the person's own sexual response or desire
>     or the sexual response or desire of any person.

Section 45-5-504(1), MCA.

¶33     A person commits the offense of sexual assault if the person "knowingly subjects another person to any sexual contact without consent . . . ." Section 45-5-502(1), MCA.

¶34     Here, Henderson forced both children, during separate occasions, to rub baby oil on

6

his penis for his sexual gratification. Thus, he knowingly subjected them to sexual contact without their consent. Such contact is not an element of the crime of indecent exposure. Therefore, we hold that the crime of indecent exposure is not, by statutory definition, a lesser offense of sexual assault.

¶35 **4.     Was Henderson denied effective assistance of counsel?**

¶36     Henderson contends that he was denied effective assistance of counsel when his counsel allegedly (1) failed to advise him that indecent exposure was a lesser included offense of sexual assault; and (2) failed to clearly explain to him the difference between a direct appeal and a sentence review.

¶37     The State counters that the record shows that Henderson was fully advised of his rights before entering his guilty plea. Hence, the State maintains that Henderson cannot prove the necessary requirements of an ineffective assistance of counsel claim. We agree.

¶38     We apply a two-pronged test when addressing ineffective assistance of counsel claims. First, an individual claiming ineffective assistance of counsel must establish that performance of his counsel was deficient. Second, the individual must establish that counsel's deficient performance was prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 682, 104 S.Ct. 2052, 2061-62, 80 L.Ed.2d 674; *State v. Whitlow*, 2001 MT 208, ¶ 17, 306 Mont. 339, ¶ 17, 33 P.3d 877, ¶ 17.

¶39     Here, the record shows that Henderson was advised of the rights he was waiving upon entering his guilty plea.  Indeed, Henderson was asked the following by the District Court:

THE COURT:      Now, you have also signed an acknowledgement of waiver of rights by plea of guilty.  Is that correct?

HENDERSON:      Yes, sir.

THE COURT:      Do you understand the rights that you are giving up?

HENDERSON:      Yes, sir.

THE COURT:      Such as the right not to have to testify against yourself?

HENDERSON:      Yes, sir.

THE COURT:      You are giving up your right to have a trial by jury?

HENDERSON:      Yes, sir.

THE COURT:      And a right to have the State prove all of the allegations beyond a reasonable doubt?

HENDERSON:      Yes, sir.

THE COURT:      And there are various other rights there, too, aren't there?

HENDERSON:      Yes, sir.

THE COURT:      Do you understand all of the rights that you are giving up?

HENDERSON:      Yes, sir.

THE COURT:      Okay.  Now, do you want to go forward?

HENDERSON:      Yes.

8

¶40 Additional questioning regarding the specifics of both charges of sexual assault occurred, ending with the following:

THE COURT: How do you plead to Count 1, sexual assault, a felony?

HENDERSON: Guilty.

THE COURT: How do you plead to Count 2, sexual assault, a felony?

HENDERSON: Guilty, Your Honor.

¶41 As the above dissertation shows, Henderson was fully advised of the rights he was waiving and was given an opportunity not to go forward with his guilty plea. Hence, we hold that the record does not establish Henderson was denied effective assistance of counsel, especially given, as we held above, that the crime of indecent exposure is not a lesser included offense to the crime of sexual assault.

¶42 **5. Did Henderson's sentence constitute cruel and unusual punishment?**

¶43 Henderson argues that his sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment. However, Henderson did not raise this issue at the district court level. The rule is well established; we will not address a party's new argument or a party's change of legal theory on appeal, as it would be "fundamentally unfair" to fault the district court in not ruling on an issue never before presented. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15. Therefore, we hold that Henderson's argument is waived.

¶44 In summary, we hold that the District Court did not err in denying Henderson's petition for post-conviction relief.

¶45    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART