DA 14-0421

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 137N

FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0421

JEANNIE NELSON,

    Plaintiff and Appellee,

  v.

JENNIFER KRALICK and KARLA KRALICK,

    Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 13-1064
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jennifer Kralick, Self-Represented, Lolo, Montana

    For Appellee:

        Ted Hess-Homeier, Attorney at Law, Missoula, Montana

Submitted on Briefs:  April 29, 2015
Decided:  May 19, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jennifer Kralick and her mother, Karla Kralick, appearing pro se, appeal the order of the Fourth Judicial District Court, Missoula County, authorizing the auction sale of their mobile home. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 Beginning in December 2008, Kralicks rented a mobile home space in the Lolo, Montana, Hollyhock Court Mobile Home Park owned by the Nelson Family Trust, of which Jeanie Nelson was the executor. Nelson and the Kralicks entered into an oral agreement under which the Kralicks would rent the space from month-to-month. In January 2013, Nelson gave notice to the Kralicks to vacate the premises by March 30, 2013, on the grounds that they were "breaching the peace." Nelson cited numerous police visits and complaints from neighbors about noise, traffic, and unknown persons and vehicles at the Kralicks' residence for extended periods of time. Kralicks did not vacate the premises and on April 2, 2013, Nelson sued for possession in the Missoula County justice court.

¶4 By order of justice court, the parties, with counsel, attended mediation. They reached a settlement agreement that was signed by both parties and counsel. Under the agreement, the Kralicks agreed to move their modular home and vacate the mobile home park on or before August 29, 2013. Nelson agreed to pay Kralicks' moving costs provided Kralicks

2

used one of the agreed-upon movers. In the meantime, Kralicks were allowed to remain in the mobile home park without paying rent.

¶5 Kralicks did not move their modular home by August 29. On August 30, 2013, Nelson moved the justice court for permission to take possession of the Kralicks' trailer home. The justice court granted the motion and issued a Writ of Assistance. Kralicks then moved to set aside the settlement agreement for various reasons. The justice court subsequently quashed the order granting Nelson possession and set an emergency hearing for September 6, 2013. On September 6, 2013, Nelson moved to have the Writ of Assistance reissued. Justice court granted the motion. On September 13, 2013, the Kralicks filed an appeal to the Fourth Judicial District Court from the justice court's September 6 Writ of Assistance. Consequently, justice court issued an order staying the Writ pending appeal.

¶6 A non-jury trial was conducted by the Fourth Judicial District Court on February 27, 2014. At trial, Nelson sought enforcement of the settlement agreement while the Kralicks sought rescission based upon mutual mistake. Following the testimony of multiple witnesses, the District Court concluded that the settlement agreement was enforceable. The court instructed Kralicks to move their mobile home by June 15, 2014, or the court would authorize its sale at auction. The court issued its written order on March 7, 2014. On June 20, 2014, having been informed that the Kralicks had not moved their mobile home, the District Court issued an order authorizing sale of the home by auction. On July 2, 2014, Kralicks filed their Notice of Appeal seeking review of the District Court's June 20, 2014 order.

3

¶7    Kralicks' appeal fails on the ground that they seek review of issues that are outside the scope of the District Court's orders. The June 2014 order is an order merely enforcing the March 7 order; it contains no analysis. Moreover, Kralicks' brief on appeal presents multiple allegations concerning provisions of the lease. These issues are well outside the scope of the District Court's March 7 order enforcing the parties' settlement agreement and are raised for the first time on appeal. It is well established that appellants may not raise legal issues, arguments, or theories for the first time on appeal. *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable unpublished opinions. In the opinion of this Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9    We affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE

4