JUSTICE COTTER,
dissenting.
¶29 I dissent. I begin by reciting significant facts that the Court has omitted from its Opinion. First, USAA consented to Perez entering and filing the consent judgment, and had no objection to the amount of the judgment which does represent actual damages sustained by Lee. In addition, USAA agreed not to raise any policy defenses to preclude Perez from filing the consent judgment. There is therefore no issue of collusion or unreasonableness of the settlement amount before us.
¶30 Second, USAA’s legal theories have been a moving target from the beginning. As addressed below, the legal authorities it relied upon when dealing with West and then presented to the District Court were different than those raised on appeal and upon which the Court now *303 relies. In addition, after arguing in its opening brief before this Court that it was required to include TRICARE on the settlement check, USAA asserted in its reply brief that it was not required to include TRICARE as a payee on the settlement check. In short, USAA’s legal arguments have been scattershot. These inconsistencies matter because the sole question before the Court is whether USAA had reasonable grounds under the law at the time it imposed the conditions at issue upon the settlement with West.
¶31 In a footnote on ¶ 17, n. 2, the Court rejects West’s argument that we should not consider statutes and regulations that were not cited by USAA in its briefing on summary judgment in the District Court, citing our decision in Junkermier, Clark, Campanella, Stevens, P.C. v. Alborn for the proposition that we are not confined on appeal to authorities that were presented in the parties’ briefs. While that general proposition may be true, it is wholly misplaced in this case because, as the Court states at ¶ 10, the focal question here is whether the insurer’s grounds for contesting plaintiff s theories were reasonable under existing law at the time it imposed the conditions at issue on the settlement. We must therefore “assess the insurer’s proffered defense” that was presented to West in 2013. Freyer, ¶ 48.
¶32 When it refused to pay the settlement without TRICARE’s name on the check or lien waivers in 2013, USAA did not “proffer a defense” to West premised on 10 U.S.C. § 1095 or TRICARE regulation 32 C.F.R. § 199 and its various sub-parts upon which this Court centers its decision. The statute and the regulations were never mentioned to West, and USAA did not cite these statutes and regulations as authority in its briefing before the District Court. These facts compel the inevitable conclusion that USAA did not at the time it conditioned the settlement have reasonable legal grounds under existing law for contesting plaintiffs theories. Freyer, ¶ 48.
¶33 The Court places much emphasis upon USAA’s reference to 42 U.S.C. § 2651 in its dealings with West and its brief opposing summary judgment before the District Court. 42 U.S.C. § 2651 is a general public health and welfare statute that permits the United States to recover sums paid to persons injured in cases where the injury is the responsibility of a third-party. This statute does not reference TRICARE nor does it contain any provision requiring insurance companies to protect government liens. It is 10 U.S.C. § 1095 that addresses medical expenses paid on behalf of members of the military. As 32 C.F.R. § 199.12(a)(1) states, “10 U.S.C. [§] 1095b establishes the statutory obligation of third-party payers to reimburse the United States the costs incurred on behalf of TRICARE beneficiaries.” In point *304 of fact, the Court grounds its detailed analysis upon this statute and the supporting regulations set forth in 32 C.F.R. § 199, and not upon 42 U.S.C. § 2651. See Opinion, ¶¶ 17-20, 22, 24, 26.
¶34 After extensive review of 10 U.S.C. § 1095 and 32 C.F.R. § 199 and its subparts, the Court states at ¶ 20: “Based on the plain language of the governing statutes and regulations, we conclude that the District Court incorrectly determined that ‘there is no obligation in the TRICARE regulations requiring USAA to protect the government lien.’ ” The problem with this conclusion of course is that USAA did not present these statutes and regulations to the District Court for its consideration. The District Court rightly premised its decision upon the authorities submitted by the parties; it was under no obligation to scour the legal landscape to assist USAA. As we have stated, we will generally “ ‘not address either an issue raised for the first time on appeal or a party’s change in legal theory. The basis for the general rule is that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.’” Becker v. Rosebud Operating Servs., Inc., 2008 MT 285, ¶ 17, 345 Mont. 368, 191 P.3d 435 (quoting Unified Industries, Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100 (internal citations and quotations omitted)).
¶35 I disagree with the Court’s conclusion at ¶¶ 17 and 21 that because the TRICARE statutes and regulations were part of the existing legal landscape at the time the settlement was in dispute, USAA had a reasonable basis in law to condition the settlement upon resolution of the TRICARE liens. Respectfully, USAA did not know these TRICARE regulations and statute existed when it conditioned the settlement. It stands to reason that in order to have a reasonable basis in law for a position, one must know what the law is.
¶36 We err in supplying legal authority for USAA’s defense long after the fact. In a case in which the intent and knowledge of the insurer at the time it conditioned the settlement is dispositive, we have no business providing retroactive support for a decision USAA made three years ago without citing the governing law, and no business providing USAA with a lifeline now premised upon legal authorities it did not present to the District Court. Given the sparse legal authority USAA provided to the District Court in opposition to West’s motion for summary judgment, the District Court did not err in granting summary judgment in favor of West. That is the decision we should be reviewing, not USAA’s decision to present new legal authorities on appeal. I therefore dissent from our decision overturning the District Court’s order and directing the entry of judgment in favor of USAA.
*305 JUSTICE WHEAT joins in the foregoing dissent.